UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LOUDIA PROPHETE,

                                Civil Action No.

        Plaintiff,

    -against-                           **COMPLAINT**

THE PORT AUTHORITY OF NEW YORK AND NEW
JERSEY,                                          **JURY TRIAL**
                                                      **DEMANDED**
        Defendant.
-----------------------------------------------------------------------X

LOUDIA PROPHETE, by and through her attorneys, Hach & Rose, LLP complaining of the Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, respectfully alleges as follows:

## PARTIES

1. Plaintiff LOUDIA PROPHETE ("Plaintiff" or "Ms. Prophete") was and still is a resident of Broward County, State of Florida.

2. Defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, is incorporated in the State of New York with its headquarters and principal place of business located in New York at 150 Greenwich Street, 22nd Floor, New York, NY 10007.

## JURISDICTION AND VENUE

3. Jurisdiction of this Honorable Court is vested herein by the virtue of these acts and pursuant to 28 U.S.C. Sec. 1332. The Plaintiff avails herself of the rights, benefits, and immunities afforded to her under said acts. At all times material to the complaint the Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, were engaged in acts and services substantially affecting interstate commerce.

4. This Court has subject matter jurisdiction over the claims asserted in this action

pursuant to 28 U.S.C §§ 51 *et. seq*. Venue is proper in this district pursuant to 45 U.S.C. § 56 as the events giving rise to this action occurred in this district and the Defendant was doing business in the Eastern District of New York at the time this action was commenced.

5. That at all times herein mentioned, the defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, is and was at all times a corporation duly organized, created and existing under the laws of the State of New York.

6. The amount in controversy exceeds $75,000.

## FIRST CLAIM FOR NEGLIGENCE

7. On or about June 23, 2024 and at all times herein mentioned, Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, owned the American Airlines Terminal, also known as Terminal 8 at John F. Kennedy International Airport, Queens, NY 11430, including the security line walkway thereat.;

8. That at all times mentioned herein, and on, June 23, 2024, the defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, was the managing agent of the land and structures located at American Airlines Terminal, also known as Terminal 8 at John F. Kennedy International Airport, Queens, NY 11430, including the security line walkway thereat.

9. That at all times mentioned herein, and on, June 23, 2024, the defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, was the lessee of the land and structures located at American Airlines Terminal, also known as Terminal 8 at John F. Kennedy International Airport, Queens, NY 11430, including the security line walkway thereat.

10. That at all times mentioned herein, and on, June 23, 2024, the defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, was the lessor of the land and structures located at American Airlines Terminal, also known as Terminal 8 at John F. Kennedy International

Airport, Queens, NY 11430, including the security line walkway thereat.

11. That at all times mentioned herein, and on, June 23, 2024, the defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, operated the premises located at American Airlines Terminal, also known as Terminal 8 at John F. Kennedy International Airport, Queens, NY 11430, including the security line walkway thereat.

12. That at all times mentioned herein, and on, June 23, 2024 the defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, controlled the premises located at American Airlines Terminal, also known as Terminal 8 at John F. Kennedy International Airport, Queens, NY 11430, including the security line walkway thereat.

13. That at all times mentioned herein, and on, June 23, 2024 the defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, maintained the premises located at American Airlines Terminal, also known as Terminal 8 at John F. Kennedy International Airport, Queens, NY 11430, including the security line walkway thereat.

14. That on June 23, 2024, LOUDIA PROPHETE, was lawfully present at American Airlines Terminal, also known as Terminal 8 at John F. Kennedy International Airport, Queens, NY 11430, including the security line walkway thereat.

15. That on or about, June 23, 2024 while present at American Airlines Terminal, also known as Terminal 8 at John F. Kennedy International Airport, Queens, NY 11430, including the security line walkway thereat, plaintiff was seriously injured when she was caused to slip and fall due to a dangerous, defective, hazardous, wet and unsafe floor thereat.

16. That the above occurrence was caused solely by and through the negligence of the Defendant, their agents, servants and/or employees, herein, without any negligence on the part of the plaintiff contributing thereto.

17. That the Defendant, had both actual and constructive notice of the dangerous and defective conditions and practices complained of herein.

18. That the Defendant, their agents, servants and/or employees, created the defective and dangerous condition.

19. Plaintiff asserts an exemption from the abolition of joint and several liability pursuant to Article 16 of the C.P.L.R.

20. That the Defendant, and/or their agents, servants, associates and/or employees were negligent, careless and reckless, in that they:

   a) Negligently, carelessly and recklessly, failed and omitted to properly, shore, equip, guard, arrange, operate and conduct their activities at the aforementioned premises, so as to provide reasonable and adequate protection and safety to the persons therein, and more particularly to the plaintiff herein;

   b) Failed and omitted to provide the plaintiff with a safe place to walk;

   c) Failed and omitted to ensure that the areas plaintiff was walking in at the aforementioned location was kept free of hazardous conditions;

   d) Failed and omitted to properly train & inspect their employees at the aforementioned premises;

   e) Failed and omitted to properly and adequately coordinate the activities of their employees with patrons and more particularly the plaintiff;

   f) Failed and omitted to construct and/or install barricades and/or other warnings so as to apprise patrons, and more particularly the plaintiff herein, of the dangerous conditions existing thereat;

    g) Failed and omitted to properly secure the public areas so that plaintiff could walk in safety;

    h) The defendant failed to use reasonable care in the performance of their duties;

    i) The defendant launched a force or instrument of harm;

    j) The defendant launched an instrument of harm that was a cause of the plaintiff's subject incident;

    k) The plaintiff herein detrimentally relied on the continued performance of the Defendant/contracting parties duties;

    l) The defendant/contracting party entirely displaced the duty of others, including but not limited to the premises owner and/or management company to maintain the subject premises safely;

21. That as a result of the negligence of the Defendant, plaintiff, LOUDIA PROPHETE, became, still is and for a long time to come, will be sick, sore, lame, bruised, injured, disabled and wounded in and about the various parts of her head, limbs, body, blood vessels and surrounding tissues, and has suffered severe and extreme mental shock, anguish and psychic injuries, and that plaintiff was otherwise injured, and upon information and belief, said injuries are permanent. That by reason of the foregoing, the plaintiff was obligated to and did necessarily employ medical aid, hospital services, medicinals and medical supplies in an attempt to cure the aforesaid injuries and has been prevented from his/her usual duties and will be so prevented for a long time to come.

22. Plaintiff was caused to injure, specifically, her left knee requiring surgery.

23. That by reason of the foregoing, the plaintiff, LOUDIA PROPHETE, has been damaged in an amount exceeding $75,000 and exceeding the jurisdictional limits of all lower courts

of the State of New York.

WHEREFORE, plaintiff demands judgment against Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, in an amount to be determined by the trier of fact, the costs of this action, and for such other and further relief as this Court my deem just and proper.

## JURY DEMAND

Pursuant to F.R.C.P. 38(b), Plaintiff hereby demands a trial by jury on all of the triable issues stated herein.

Dated: June 23, 2025

                                              Respectfully submitted,

                                              **HACH & ROSE, LLP**

By: _____
                              John A. Blyth
                              112 Madison Avenue, 10th Floor
                              New York, New York 10016
                              Telephone: (212) 779-0057
                              Facsimile: (212) 779-0028

                              *Counsel for Plaintiff*